IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENNIE DEE DAVIS, #120206, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-905-MHT |
| | ) [WO] |
| JOHN CROW, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Glennie Dee Davis, a state inmate, on October 16, 2018.[1]  In this petition, Davis challenges the enhanced life sentence imposed upon him in 1982 by the Circuit Court of Covington County, Alabama for a first degree robbery conviction. Specifically, Davis alleges that newly discovered evidence proves that he is actually innocent of the 1978 convictions for second degree burglary and grand larceny which the court used for enhancement purposes in sentencing him as a habitual offender to life imprisonment for the robbery conviction. Doc. 1 at 14–15.[2]  With respect to the burglary

---

[1] The Clerk stamped this petition as "received" on October 23, 2018.  Davis certifies that he placed the habeas petition "in the prison mailing system on October 16, 2018." Doc. 1 at 16.  A *pro se* inmate's petition is deemed to have been filed on the date it is delivered to jail officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). Thus, the court considers October 16, 2018 to be the date of filing.

[2] To proceed on a federal habeas petition, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" on the challenged action. 28 U.S.C. § 2241(c)(3).  In addition, as discussed below, a 28 U.S.C. § 2241 habeas petition is subject to the procedural requirements of 28 U.S.C. § 2254.  Section 2254 requires that for a federal district court to

and larceny convictions, Davis, while represented by counsel, entered guilty pleas to these offenses on March 3, 1978 before the Circuit Court of Houston County, Alabama and received concurrent sentences of five and three years, respectively. Doc. 1 at 2.

Davis bases his current claim of actual innocence on a recent admission by his brother that he "deceive[d] the petitioner . . . into confess[ing]" to the larceny and burglary charges when his brother actually committed the offenses. Doc. 1-3 at 2. However, although Davis asserts that this information is newly discovered, the record makes clear that Davis knew of the alleged deception by his brother at the time it occurred and with this knowledge "he ple[d] guilty . . . for his brother!" Doc. 1 at 15. Davis requests that the court "award [him] with time served on [the life sentence imposed for his 1982] robbery case that was [improperly] increase[d] under 13A-5-9 (HFOA)" using his 1978 convictions for larceny and burglary. Doc. 1 at 16.

## II. DISCUSSION

Davis seeks habeas relief under § 2241 from the life sentence imposed upon him in 1982 for first degree robbery, the sole sentence on which he is currently incarcerated. "[A]lthough [the instant] petition is authorized by § 2241, it is also governed by § 2254 because [Davis] is in custody pursuant to the judgment of a State court." *Medberry v.*

---

have jurisdiction over a habeas action, a petitioner must first show "that he is in custody pursuant to the judgment of a State court." *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001) (internal quotation marks and citation omitted). Because Davis is no longer serving the five and three year sentences imposed for his 1978 convictions, "he cannot bring a federal habeas action directed solely at those convictions." *Id*. However, since this petition can be and is construed to challenge the 1982 life sentence Davis is currently serving, "as enhanced by the allegedly invalid prior 1978 convictions[,] . . . [Davis] satisfies § 2254's 'in custody' requirement." *Id*. at 401–02. Nevertheless, a petitioner, such as Davis, who challenges fully expired state convictions "must satisfy the procedural prerequisites" contained in § 2254, including proper exhaustion of remedies, timely filing his petition within the one-year period of limitations and not running afoul of the bar on successive petitions. *Id*. at 404.

*Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) (internal quotation marks and citation omitted), *cert. denied*, 541 U.S. 1032 (2004); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (holding that a § 2241 habeas petition filed by a prisoner in custody pursuant to the judgment of a state court is subject to each of the procedural restrictions contained in § 2254). In coming to this conclusion, the Eleventh Circuit determined that "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes [(28 U.S.C. § 2241 and 28 U.S.C. § 2254)]. These identical statutory references to the writ of habeas corpus must be read as referring to the same remedy." *Medberry*, 351 F.3d at 1059 (citing *Sorenson v. Sec. of the Treasury*, 475 U.S. 851, 860 (1986)). Thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." *Medberry*, 351 F.3d at 1062.

> Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous . . . . To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.
> If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy

> because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Id.* at 1060–61.

In this § 2241 habeas petition, Davis attacks the validity of the sentence imposed upon him by the Circuit Court of Covington County, Alabama for a 1982 first degree robbery conviction. He is presently in custody pursuant to this conviction and sentence. "Section § 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court. [Davis] is in custody pursuant to the judgment of the [Alabama] court. Therefore § 2254 applies to [Davis'] petition [and] . . . [he] cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. In light of the foregoing, this court must apply § 2254's procedural restrictions to the instant petition.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for habeas corpus relief] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

Davis acknowledges that this habeas petition is successive. Doc. 1 at 5 & 14. A review of federal court records reveals that Davis has filed eight previous habeas

4

petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1982 robbery conviction. *See Davis v. Chambers, et al.*, Civil Action No. 82-T-892-N (M.D. Ala. 1983); *Davis v. Bowen*, Civil Action No. 84-T-117-N (M.D. Ala. 1984); *Davis v. White, et al.*, Civil Action No. 84-T-1538-N (M.D. Ala. 1985); *Davis v. White, et al.*, Civil Action No. 85-D-721-N (M.D. Ala. 1986); *Davis v. Johnson, et al.*, Civil Action No. 88-T-33-N (M.D. Ala. 1989); *Davis v. Morrison, et al.*, Civil Action No. 92-D-1008-N (M.D. Ala. 1993); *Davis v. Mitchem, et al.*, Civil Action No. 00-D-957-N (M.D. Ala. 2000); *Davis v. Davenport, et al*., Civil Action No. 4:12-CV-2044-AKK-PWG, 2012 WL 2577760 (N.D. Ala. June 6, 2012).  This court dismissed the first four habeas petitions without prejudice to allow Davis an opportunity to exhaust his available state-court remedies.  In the fifth habeas corpus action, *Davis v. Johnson, et al.*, Civil Action No. 88-T-33-N, this court determined that Davis' claims for habeas relief lacked merit.  This court dismissed the sixth habeas petition, *Davis v. Morrison, et al.*, Civil Action No. 92-D-1008-N, as a successive petition in accordance with the provisions of Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts.  As to the seventh habeas petition, *Davis v. Mitchem, et al.*, Civil Action No. 00-D-957, this court determined that it lacked jurisdiction to consider the petition because Davis had not received an order from the Eleventh Circuit Court of Appeals authorizing consideration of his successive application for habeas relief as required by the directives set forth in 28 U.S.C. § 2244(b)(3)(A).  With respect to the eighth habeas petition filed in the United States District Court for the Northern District of Alabama, that court dismissed the

petition with prejudice, finding it barred by 28 U.S.C. § 2244(d)(1)'s one-year period of limitations. *Davis v. Davenport, et al.*, Civil Action No. 4:12-CV-2044-AKK-PWG, 2012 WL 2577760 at *4 (N.D. Ala. June 6, 2012).

Despite his concession that this habeas action is successive, Davis argues that he should be permitted to proceed without obtaining permission from the Eleventh Circuit Court of Appeals because "under 28 U.S.C. 2241[']s savings clause permission is not required!" Doc. 1 at 14. Contrary to this assertion, 28 U.S.C. § 2241 does not contain a saving clause; rather, the saving clause is set forth in 28 U.S.C. § 2255(e) and applies only to federal prisoners seeking habeas relief.[3] Moreover, as previously determined, a § 2241 habeas petition is subject to the procedural restrictions set forth in § 2254, including the bar to filing a successive petition absent requisite permission from the appropriate court of appeals.

Davis next declares under penalty of perjury that he recently received the "required permission from the appellate court of the Eleventh Circuit" to file this successive petition. Doc. 1 at 14. However, this statement is refuted by the records of the Eleventh Circuit Court of Appeals, which establish that on October 2, 2018 that court denied his application for leave to file a second or successive petition. *In re Davis*,

---

[3] The relevant section reads as follows:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Appeal No. 18-13952-A.[4]  It is therefore clear that Davis has not received permission from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking [is Davis' ninth] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [ninth] habeas petition, . . . [this] court lack[s] jurisdiction to grant the requested relief." *Gilreath v. St. Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, Davis' petition for habeas corpus relief is due to be denied and this case should be dismissed. *Id.* at 934.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     The 28 U.S.C. § 2241 petition for habeas corpus relief filed by Glennie Dee Davis on October 16, 2018 be DENIED.

2.     This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Davis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[5]

---

[4] Davis' patently false statement that he has received an order from the Eleventh Circuit Court of Appeals granting him permission to file a successive habeas petition is viewed with great disfavor by this court.

[5] As made clear by the decision of the United States District Court for the Northern District of Alabama in addressing the habeas petition filed by Davis, any § 2254 or § 2241 habeas petition challenging the life sentence imposed upon Davis for his 1982 robbery conviction is also subject to the one-year period of limitations contained in 28 U.S.C. § 2244(d)(1).  The court further finds that there are no circumstances present in this case which "would entitle [Davis] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay [of this petition] . . . because the limitations period had already expired [several years] before he filed [this habeas action]." *Guenther v. Holt*, 173 F.3d 1328, 1330–31 (11th Cir. 1999).

It is further ORDERED that on or before **November 16, 2018** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of November, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE